Elizabeth A. DRABANT,
Plaintiff–Appellant,

v.

Tommy G. THOMPSON, Secretary of
the Department of Health and Hu-
man Services, Defendant–Appellee.

No. 00–6123.

United States Court of Appeals,
Sixth Circuit.

Dec. 13, 2001.

Before CLAY and GILMAN, Circuit
Judges; EDGAR, District Judge.*

CLAY, Circuit Judge.

Plaintiff, Elizabeth A. Drabant, appeals
from the order of the district court grant-
ing summary judgment in favor of Defen-
dant, Tommy G. Thompson,[1] Secretary of
the Department of Health and Human
Services ("HHS"), as to Plaintiff's claims
brought under Title VII of the Civil
Rights Act of 1964, 42 U.S.C. § 2000e, *et
seq.*, ("Title VII"), for failure to promote
based on race, retaliation and retaliatory
constructive discharge. Specifically,
Plaintiff, who is Caucasian, advances a re-
verse discrimination claim, alleging that
Defendant discriminated against her by
failing to promote her to the position of
chief medical officer. She further alleges
that after she contacted an Equal Employ-
ment Opportunity counselor regarding her
race discrimination claim, her supervisor
took numerous retaliatory actions against
her, including: (1) making several snide
comments about her in meetings; (2) re-

---

* The Honorable R. Allan Edgar, Chief United
States District Judge for the Eastern District
of Tennessee, sitting by designation.

1. Pursuant to Fed. R.App. P. 43(c)(2), Tommy
G. Thompson is substituted for Donna E. Sha-
lala, Secretary of Health and Human Ser-
vices, as Defendant–Appellee in this action.

fusing to share with her or other department heads information concerning the organization's ongoing reduction in force; and (3) moving her from first to fourth on a list of individuals who would assume his duties in his absence. She also alleges that these and other similar actions led to her constructive discharge. We AFFIRM.

A district court's order granting summary judgment is reviewed *de novo.* *See Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 572 (6th Cir.2000). We agree with the district court that Plaintiff has failed to establish a prima facie case of reverse discrimination under *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 801 (6th Cir.1994). Likewise, Plaintiff's race discrimination claim fails because she fails to show that Defendant's legitimate, non-discriminatory reason for failing to promote her was pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

We also agree for the reasons stated in the district court's opinion that Plaintiff has failed to offer sufficient evidence of retaliation, either because the acts about which she complains fail to amount to materially adverse employment actions or because she fails to show a causal connection between her contact with an EEO official and Defendant's alleged adverse actions. *See Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 886 (6th Cir.1996); *Yates v. Avco Corp.,* 819 F.2d 630, 638 (6th Cir.1987). Finally, we agree with the district court that Plaintiff has failed to show her workplace was so intolerable that a reasonable person would have felt compelled to leave, a necessary showing to support her retaliatory constructive discharge claim. *See Logan v. Denny's, Inc.,* 259 F.3d 558, 568 (6th Cir.2001); *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1249 (6th Cir.1989).

In summary, having carefully considered the record and the parties' briefs, we hold that the district court did not err in granting summary judgment to Defendant. Because the district court fully articulated the issues involved, the issuance of a detailed opinion from this Court would be duplicative and would serve no useful jurisprudential purpose. We therefore AFFIRM for the reasons set forth in detail in the district court's June 15, 2000 order granting Defendant's motion for summary judgment.